UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MARTIN ADAMS,

                Plaintiff,                        Case No. 1:08-cv-1192

v.                                           Honorable Robert J. Jonker

CALHOUN COUNTY CORRECTIONAL
FACILITY et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Calhoun County Correctional Facility and Steven Fireson. The Court will serve the complaint against Defendant Tom Johnson.

**Discussion**

I.        Factual allegations

Plaintiff Steven Martin Adams presently is jailed on a six-month sentence at the Calhoun County Correctional Center (CCCC).  He sues the CCCC and the following CCCC employees: Health Care Administrator Tom Johnson, Nurse Teresa (unknown),[1] and Steven Fireson.

According to the allegations of the complaint, Plaintiff is a disabled man who was transferred from the Michigan Department of Corrections to the CCCC on September 7, 2008.  He alleges that he was given inadequate medical care while housed at the MDOC and that, before his transfer, a Step III grievance responder had concluded that his care had been in some way improper. When he was transferred, Plaintiff was given a 30-day supply of Tylenol.  Upon arrival at the CCCC, Plaintiff's property, including legal papers, mail, pictures and medication, were taken.  Plaintiff alleges that Defendant Steven Fireson is in charge of the property room.

Plaintiff immediately requested medical attention.  He was assessed by health care providers and given Ibuprofen, Baclofen, and Naproxen.  After two weeks of using the medications, Plaintiff began to experience lower abdominal and left testicle pain.  He advised Nurse Barb (unknown) that his medications were causing pain.  She left the room and returned with a form stating that he was releasing Calhoun County from liability and was refusing treatment.  Plaintiff signed the form, with written amendments saying he was not refusing medical treatment but that he could not take the prescribed medications, which were causing pain.  Plaintiff alleges that Defendants have ignored all grievances and requests for health care submitted by Plaintiff since late

---

[1]On January 8, 2009, the Court received a letter from Plaintiff, advising the Court that the nurse identified as Barb (unknown) was properly identified as Joyce (unknown) or Teresa (unknown).

September.  He claims that he is not receiving any pain relief, though he continues to be billed for

treatment.  He seeks monetary damages and injunctive relief.

II.       Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic*

*Corp. v.* Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).   The standard requires that

a "complaint must contain either direct or inferential allegations repecting all the material elements

to sustain a recovery under some viable legal theory."  *Glassner v. R.J. Reynolds Tobacco Co.*, 223

F.3d 343, 346 (6th Cir. 2001).  While a complaint need not contain detailed factual allegations, a

plaintiff's allegations must include more than labels and conclusions.  *Twombley*, 127 S. Ct. at 1965;

*Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not

accept as true legal conclusions or unwarranted factual inferences).   The court must determine

whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir.

2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Calhoun County Correctional Center

Plaintiff sues the CCCC, a county jail.  The CCCC is a building, not an entity capable of being sued in its own right.  *Vine v. County of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (1970)).  Accordingly, the Court will dismiss the CCCC.

However, construing plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Calhoun County. A local government such as Calhoun County may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents.  *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978); *Collins v. City of Harker Heights*, 503 U.S. 117, 121 (1992).  Liability against Calhoun County may not be based solely on the fact that the municipality employed a tortfeasor, i.e., under a theory of respondeat superior.  *Monell*, 436 U.S. at 691; *Collins*, 503 U.S. at 122;  *Street*,102 F.3d at 818. Thus, because Plaintiff bases his claim against the county solely on the fact that it employed certain individuals  who failed to provide adequate health care, Plaintiff  impermissibly attempts to premise § 1983 liability against the county upon a theory of respondeat superior.  As a result, the complaint fails to state a claim against Calhoun County.

### B.    Steven Fireson

Plaintiff alleges that his property was confiscated when he was transferred to the CCCC.  He suggests that Steven Fireson unconstitutionally deprived him of his property because Fireson was in charge of the property room.  Plaintiff's claim fails for two reasons.

First, Plaintiff's claim that he was deprived of his property without due process of law is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part* by *Daniels v.*

*Williams*, 474 U.S. 327 (1986).  Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy.  If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law."  *Parratt*, 451 U.S. at 537.  This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure.  *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984).  Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a county official, he must plead and prove the inadequacy of post-deprivation remedies under state law.  *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).  Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action.  *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985); *see also Cooper v. Shelby Cty. Justice Cent.*, No. 99-6365, 2000 WL 924604, at *2 (6th Cir. June 26, 2000) (considering due process claim against county jail).  Plaintiff has not sustained his burden in this case because he has not alleged that his post-deprivation remedies are inadequate.

Second, Plaintiff has failed entirely to allege that Defendant Fireson had any role in the confiscation of his property.  Instead, he alleges that his property was confiscated and that Fireson is responsible for controlling the property room where Plaintiff's property presumably was placed.  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  Assuming that Plaintiff intends to allege that Fireson had supervisory authority over the officers involved in the confiscation, he fails to state a claim.  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 575;

*Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  Moreover, § 1983

liability may not be imposed simply because a supervisor denied an administrative grievance or

failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295,

300 (6th Cir. 1999).  Because Plaintiff has failed to allege that Defendant Fireson engaged in any

active unconstitutional behavior, he fails to state a claim against Fireson.

For both reasons, Plaintiff's claim against Defendant Fireson will be dismissed.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the

Court determines that Defendants Calhoun County Correctional Center and Steven Fireson will be

dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42

U.S.C. § 1997e(c).  The Court will serve the complaint against Defendant Tom Johnson.  The nurse,

variously identified as Nurse Barb (unknown), Nurse Joyce (unknown), or Nurse Teresa (unknown)

is insufficiently identified in the complaint for service at this time, though discovery may reveal

sufficient information for service at a later date.

An Order consistent with this Opinion will be entered.


Dated:    February 10, 2009               /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE