UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MARTIN ADAMS,

   Plaintiff,

v.

CALHOUN COUNTY CORRECTIONAL
FACILITY, *et al.*,

   Defendants.
              /

Case No. 1:08-cv-1192

Hon. Robert J. Jonker

**REPORT AND RECOMMENDATION**

  This is a civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983 for events that occurred at the Calhoun County Correctional Center ("CCCC").[1] Plaintiff is no longer incarcerated at the facility. This matter is now before the court on defendant Tom Johnson's motion for summary judgment (docket no. 20).

 **I.**  **Background**

  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws

---

[1] Plaintiff refers to the Calhoun County Correctional Center as the "Calhoun County Correctional Facility."

of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff's complaint named four defendants: the CCCC; Tom Johnson, health care administrator at the CCCC; "Barb," a nurse at the CCCC; and Steven Fireson, a person in charge of the property room at the CCCC. *See* Complaint (docket no. 1). The court previously dismissed plaintiff's claims against defendants CCCC and Fireson. *See* Opinion and Order (docket nos. 7 and 8). Plaintiff later advised the court that the nurse may be named "Joyce" or "Teresa." *See* letter (docket no. 4). Defendant Nurse "Barb" has not been further identified nor served with a summons and complaint.

Plaintiff sets forth the following allegations in his complaint. He is considered disabled by the Social Security Administration. He was transferred from the Michigan Department of Corrections (MDOC) to serve a six month sentence at the CCCC. When plaintiff arrived at the CCCC on September 7, 2008, his legal papers, mail, pictures and medication were taken. After a medical examination at the CCCC, he was given various medication (ibuprofen, Baclofen and Naproxen). After two weeks he complained to a nurse that the medication was causing him pain in the lower abdomen and left testicle. Nurse Barb responded by asking plaintiff to fill out a form stating that he was refusing treatment and releasing Calhoun County of liability.

Plaintiff's complaint included a CCCC inmate grievance form dated December 5, 2008, which stated as follows:

> This is an official request under the authority of the United States Federal District Court request the full name of the nurse first name Barb who had Steven Adams fill out a refusal of treatment form. United States Marshalls [sic] will need to serve process on her and will need her states [sic] nursing license no# please comply.

Inmate grievance form (docket no. 1-2). The grievance response by "Tom, HSA" stated, "Medical is under [no] obligation to provide you [with] staff names beyond what you see on their badge." *Id.* Plaintiff further allged that he was not receiving any pain relief and had to pay for treatments. Plaintiff alleges damages for unspecified constitutional violations.

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

## III. Discussion

### A. Eighth Amendment violation

Plaintiff does not does not allege any constitutional violation committed by Mr. Johnson. Based on the allegations in plaintiff's complaint and the issue raised in his December 8, 2008 grievance, plaintiff's only conceivable federal constitutional claim against Mr. Johnson would

be an Eighth Amendment claim related to his medical care at the CCCC. It is well established that an inmate has a cause of action under 42 U.S.C. § l983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (l976). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires a plaintiff to "allege that the medical need is 'sufficiently serious.'" *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001), *quoting Farmer*, 511 U.S. at 834. The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock*, 273 F.3d at 703. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1529 (10th Cir. 1992) ("the Eighth Amendment does not apply to claims based on inadvertent failure to provide adequate care, negligent misdiagnosis, or an inmate's difference of opinion with medical personnel regarding diagnosis or treatment"). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

### B. Plaintiff's failure to admit or deny allegations in the motion

In his reply, Mr. Johnson contends that plaintiff admitted the motion for summary judgment by failing to admit or deny the numbered paragraphs as set forth in the motion, citing Fed. R. Civ. P. 8(b)(1)(B) and (b)(6). Fed. R. Civ. P. 8(b)(1)(B) requires that "[i]n responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party." Then, Fed. R. Civ. P. 8(b)(6) provides in pertinent part that "[a]n allegation . . . is admitted if a responsive pleading is required and the allegation is not denied." Defendant's claim is without merit. Rule 8 explicitly applies to "pleadings." A motion for summary judgment is not a "pleading." *See* Fed. R. Civ. P. 7(a) (defining pleadings as a complaint, an answer to a complaint, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (noting that Fed. R. Civ. P. 7(a) distinguishes between pleadings and motions and provides an exclusive list of pleadings). Accordingly, plaintiff's failure to admit or deny the 23 paragraphs of assertions as set forth in Mr. Johnson's motion for summary judgment did not result in a confession of that motion.

### C. Plaintiff's claims against Mr. Johnson

At all times relevant to this litigation, Mr. Johnson was the health care administrator at the CCCC. Johnson Affidavit at ¶¶ 3-4 (July 8, 2009) (docket no. 20-4). Mr. Johnson's duties did not involve the provision of medical care or treatment to plaintiff. *Id.* at ¶ 4. His only interaction with plaintiff was to provide responses to two grievances. *Id.* at ¶¶ 5-11. As previously discussed, Mr. Johnson responded to plaintiff's December 8, 2008 grievance (attached to the

complaint). Mr. Johnson also provided a response to an earlier grievance submitted by plaintiff.

On October 8, 2008, plaintiff submitted the following grievance:

> [P.D. 03.04.100 P.D. 04.06.160 Chronic Care Clinics] I feel that the medical department is exceeding its authority by charging disabled patients a medical fee at end of month, with no notification of conditions why or policy directive authorizing such . . . . I am being neglected after complaining of an adverse reaction from medication, was suppose to receive follow up, never happened.

Grievance (docket nos. 20-5, 21-1) (bracketed information in original).[2] Mr. Johnson provided the following response:

> Costs associated with initial medical visits and all medication are legitimate and are communicated to you on intake. If you are deemed a chronic care [patient], you will not be charged for subsequent visits for the management of your chronic condition. As for your concern about an adverse medication reaction, I find no evidence of that in the documentation, only your refusal to accept prescribed analgesics [and] muscle relaxants.

*Id.*

In his response to the motion for summary judgment, plaintiff does not dispute the facts as established by Mr. Johnson's affidavit nor present evidence that Johnson engaged in any wrongful conduct. Rather, plaintiff argues that he requires pain management and cites a MDOC Policy Directive (03.04.101) for the proposition that he should not have to make co-payments for medical treatment. *See* Plaintiff's Response at 3-4 (docket no. 21). Plaintiff's response also includes copies of a variety of papers related to his confinement at the CCCC. *See* docket no. 21-2. However, these papers do not demonstrate any wrongful conduct by Mr. Johnson. *Id.*

Viewing the evidence in the light most favorable to plaintiff, it appears that his only claim asserted against Mr. Johnson is that Johnson gave unfavorable responses to two grievances.

---

[2] A portion of this grievance is unintelligible.

A prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Correctional Medical Services*, 73 Fed. Appx. 839, 841 (6th Cir. 2003). *See Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) (observing that the denial of an appeal of a grievance complaining of inadequate medical care is not the same as the actual denial of a request to receive medical care). Plaintiff has not established a federal constitutional claim against Mr. Johnson (there is, for example, no evidence that plaintiff was denied medical treatment because of an inability to pay). Accordingly, Johnson's motion for summary judgment should be granted.

### IV.     Recommendation

I respectfully recommend that defendant Tom Johnson's motion for summary judgment (docket no. 20) be **GRANTED**.


Dated: January 8, 2010                    /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).